UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RAINI CLAPPER WALKER, ) | |
| ) | District Court No. 3:15-218 |
| Plaintiff, ) | JUDGE CAMPBELL |
| ) | |
| v. ) | Bankruptcy Case No. 14-05239-MH1-13 |
| ) | Adv. Proceeding No. 3:15-90054 |
| SELENE FINANCE LP, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff filed this action on January 30, 2015 in the United States Bankruptcy Court for the Middle District of Tennessee. This matter now comes before the Court on Defendant Selene Finance LP's Motion to Withdraw the Reference to Bankruptcy Court. Docket No. 1. For the reasons stated herein, the Court will deny the motion.

**ANALYSIS**

The Defendant asserts that the reference should be withdrawn because the bankruptcy court does not have the constitutional authority to decide some of Plaintiff's claims. The Court's analysis begins with a review of bankruptcy courts' authority to decide matters that are "core" to bankruptcy proceedings versus those matters that are "non-core":

> With certain exceptions not relevant here, the district courts of the United States have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Congress has divided bankruptcy proceedings into three categories: those that "*aris[e] under* title 11"; those that "*aris[e] in*" a Title 11 case; and those that are "*related to* a case under title 11." § 157(a). District courts may refer any or all such proceedings to the bankruptcy judges of their district. . . .. District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown." § 157(d). . . . The manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved.

*Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2011) (brackets in original) (emphasis added).

Under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and enter final judgments in bankruptcy proceedings referred to it by the district court in certain proceedings that are "core" to the bankruptcy matter. Those final judgments are subject to discretionary review by the district court, "which reviews them under traditional appellate standards." *Stern*, 131 S. Ct. at 2603–04 (citing § 158(a)). Congress provided a non-exhaustive list of "core" matters in § 157(b)(2).

A bankruptcy judge may also hear "non-core" proceedings that are otherwise related to the bankruptcy case:

> As for "non-core" proceedings—i.e., proceedings that are "not ... core" but are "otherwise related to a case under title 11"—the statute authorizes a bankruptcy court to "hear [the] proceeding," and then "submit proposed findings of fact and conclusions of law to the district court." § 157(c)(1). The district court must then review those proposed findings and conclusions *de novo* and enter any final orders or judgments. *Ibid*. There is one statutory exception to this rule: If all parties "consent," the statute permits the bankruptcy judge "to hear and determine and to enter appropriate orders and judgments" as if the proceeding were core. § 157(c)(2).
>
> Put simply: If a matter is core, the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding de novo and enter final judgment.

*Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172 (2014).

Of fundamental importance to the motion currently before the Court, it is "the bankruptcy court's responsibility to determine whether each claim before it is core or non-core."*Id.* at 2171; *accord Stern*, 131 S. Ct. at 2604–05 ("§ 157(b)(3) only instructs a bankruptcy judge to "determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.").

2

In *Stern*, the Supreme Court considered a constitutional challenge to the breadth of claims Congress authorized to be resolved by bankruptcy judges and "held that Article III prohibits Congress from vesting a bankruptcy court with the authority to finally adjudicate certain claims" that are defined as core claims under § 157(b)(2). *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2170 (2014). That is, although a claim may be core as defined in the statute, the bankruptcy court is nevertheless constitutionally prohibited from finally adjudicating that claim. *See. Stern*, 131 S.Ct. at 2608–09 (explaining the importance of Article III to our "system of checks and balances" and to the "preserv[ation of] the integrity of judicial decisionmaking"). These claims have come to be called *"Stern* claims—that is, proceedings that are defined as "core" under § 157(b) but may not, as a constitutional matter, be adjudicated as such (at least in the absence of consent[)]." *Arkison*, 134 S.Ct. at 2172 (citations omitted).

In *Arkison*, the Supreme Court clarified that bankruptcy courts should adjudicate *Stern* claims in the same manner as the statute provides for non-core claims– that is, to submit proposed findings of fact and conclusions of law to the district court for *de novo* review. *Id.* at 2170, 2173. "This approach accords with the bankruptcy statute and does not implicate the constitutional defect identified by *Stern*." *Id.* at 2170.

Defendant argues in its motion to withdraw the reference that some of Plaintiff's claim are non-core, including a claim for damages for Defendant's allegedly clouding title to the subject real property at issue as well as claims for violations of the Real Estate Settlement Procedures Act, Regulation X, the Truth in Lending Act, and Regulation Z. Defendant argues that *Stern* requires that Plaintiff's claims be withdrawn to an Article III court "because Plaintiff has pled causes of action that will not necessarily be resolved in the claims allowance process." Docket No. 6 at 6 (Def.'s

3

brief). Yet Defendant provides no analysis to support its assertion that there are *Stern* claims at issue in this case. Elsewhere in Defendant's brief, Defendant argues that "[b]ecause Plaintiff's causes of action are non-core, reference should be withdrawn," *Id.* at 2, and that Plaintiff's "claims are merely 'related to' the bankruptcy estate, allowing the bankruptcy court to merely submit proposed findings of fact and conclusions of law." *Id.* at 3. These excerpts describe non-core claims, not *Stern* claims.

Plaintiff does not dispute that some of her claims are non-core, but argues that the Court should leave these claims in the bankruptcy court and have the bankruptcy court propose findings of fact and conclusions of law on the non-core issues if the bankruptcy judge determines that non-core issues exist. The Court agrees. It is unclear to the Court based on Defendant's brief whether there are *Stern* claims at issue in this matter. Regardless, whether Plaintiff's claims are merely non-core or, instead, are actually *Stern* claims, the bankruptcy court will make those determinations and, to the extent the claims are either non-core or *Stern* claims, the bankruptcy court will identify them as such and submit to this Court proposed findings of fact and conclusions of law to be reviewed *de novo*.

In "determining the existence of cause for withdrawal, . . . a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *In re Simmons*, 200 F.3d 738, 742 (11th Cir.2000) (internal brackets in original omitted) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998 (5th Cir.1985)). Each of these goals would be best served by leaving these proceedings in bankruptcy court. Accordingly, the Court finds no cause for withdrawing the reference in this case.

## CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Withdraw the Reference.

An appropriate order is filed herewith.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE